ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 05 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| Janeen Wills and Lachette Reliford, § § | |
| Plaintiffs, § § | |
| v. § § | Civil Action File No: |
| InTown Suites Management, Inc., § InTown Holding Co., LLC § Cheryl Vickers Kochensparger, § Individually and In § Her Official Capacity as Chief § Operating Officer, Lazard Alternative § Investments, and Lazard § Freres Real Estate Investors, LLC. § § | **1:06-CV-0800 TWT** |
| Defendants. § | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

COME NOW Janeen Wills and Lachette Reliford, Plaintiffs in the above-styled case, and file this, their Complaint for Equitable Relief and Damages, showing the Court the following:

1.

Plaintiffs bring this action against the above-named corporations because they fired the Plaintiffs because they are non-Caucasian. In the spring of 2002, the Defendants engaged in a pattern, practice and conspiracy to unlawfully discriminate on the basis of race against African Americans and other non-

Caucasian employees and potential employees. This conspiracy was led by the top level of management of InTown Suites Management, Inc. (hereinafter "InTown Suites"), including but not limited to Cheryl Vickers Kochensparger (hereinafter "Vickers Kochensparger"), InTown Suites's Chief Operating Officer.

2.

In May of 2002, InTown Holding Co., LLC purchased Suburban Lodges of America Inc. (hereafter "Suburban Lodges"). The acquisition was financed by Lazard Freres Real Estate Investors, LLC.

3.

After the acquisition of the Suburban Lodge properties in May 2002, InTown Suites terminated African American managers and replaced them with Caucasian ones. InTown Suites systematically eliminated African American managers and assistant managers from its new Suburban Lodge facilities either by firing them outright, or by changing their job descriptions and making them so miserable that they would quit.

## THE PARTIES

4.

InTown Suites Management, Inc. is a Georgia corporation. It is in the business of running economy extended stay hotels. In Spring of 2002, InTown Suites and InTown Holding Co., LLC (hereinafter "InTown Holding") together managed and owned, respectively, a number of related corporations and limited partnerships. These entities all constitute an integrated enterprise and thus are joint employers. Intown Suites Management and Intown Holding can be served by serving Doug Wells at 300 Galleria Parkway, Suite 1200, Atlanta, Georgia, 30339.

5.

In all the Intown economy extended stay hotels, Cheryl Vickers Kochensparger was involved in the day-to-day management of the companies. Ms. Vickers Kochensparger was involved in hiring decisions as well as decisions to discipline and terminate employees. Ms. Vickers Kochensparger can be served at her home address of 2562 Birchwood Drive, Atlanta, Ga. 30305.

6.

Lazard Freres characterizes itself as "the world's preeminent advisory investment bank" with "offices in 15 countries around the globe." Lazard Freres

Real Estate Investors, LLC is the primary owner of the InTown Suites entities. Lazard Alternative Investments and/or its predecessor company, exercises control over Lazard Freres Real Estate Investors, LLC, and together, the two Lazard entities helped InTown Holding finance the purchase of Suburban Lodges. The two Lazard entities exercise control over all InTown entities. The two Lazard entities and/or their predecessor company(s) instructed and conspired with InTown Suites Defendants to discriminate against the Plaintiffs and others.

7.

Lazard Alternative Investments is, upon information and belief, a Delaware Corporation and Lazard Freres Real Estate Investors, LLC is a New York corporation (collectively, hereinafter "the Lazard entities"). Both are doing business in Georgia, though neither are licensed to do business in Georgia. Neither have a registered agent in Georgia. Both can be served with summons and complaint pursuant to Federal Rule of Civil Procedure 4(h)(i), by service at the primary place of business for both, 30 Rockefeller Plaza, 50th Floor, New York, New York 10020.

## JURISDICTION

8.

Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331 and 1332. Venue is proper in this court under 28 U.S.C. § 1391 (a), (b), and (c).

## FACTS

9.

In the spring of 2002, InTown Suites engaged in a pattern and practice of discrimination on the basis of race against non-Caucasians in hiring, promotion, discipline and discharge. This discrimination was against African Americans and other non-white employees at the direction of Cheryl Vickers Kochensparger, COO of InTown Suites, who openly and explicitly instructed her regional managers and district managers to discriminate in hiring, promotion, discipline and discharge. Vickers Kochensparger was personally involved in the actions leading to the Plaintiffs' claims that they were terminated for discriminatory reasons.

10.

Vickers Kochensparger engaged in InTown Suites' discriminatory policy in the spring of 2002 at the behest of the two Lazard entities.

11.

InTown Suites acquired 62 Suburban Lodge hotel properties in May of 2002. The African American managers of Suburban Lodge were viewed by InTown Suites as inferior. Shortly after acquiring Suburban Lodge, InTown Suites, including Ms. Vickers Kochensparger and her regional managers at the urging of the Lazard entities, engaged in a campaign to terminate African American managers inherited from the Suburban Lodge system and to replace these African Americans with caucasians. Terminations took place on pretextual grounds, under circumstances similar to those in which Caucasian employees were neither disciplined nor terminated.

12.

The following individual plaintiffs were discriminated against as a consequence of the operational discrimination pattern, practice and policy of InTown Suites:

**JANEEN WILLS**

13.

Janeen Wills is an African American female.

14.

She was an Assistant Manager and then a General Manager at the Roswell location. She was qualified for the position. Shortly after InTown Suites acquired Suburban Lodges, InTown Suites management tried on numerous occasions to force her to leave her job. For example, she was not allowed to take any breaks during the day, including a lunch break or a moment to return to her apartment to check on her children. Her manager, Cheryl Newman, suggested that she send her children to stay with her mother since she was not allowed to check on them. Management then told her that she could not continue to stay on the property because she had two children. Shortly after her the merger, InTown Suites management terminated her and gave her no reason. She was asked to train her replacement before she left.

15.

She was replaced by a white male. That white male was allowed to take breaks, including coffee breaks and lunch breaks.

16.

Several months after she was terminated by InTown Suites, she saw her former boss, Cheryl Newman. Ms. Newman apologized for treating her badly and told her she was instructed to mistreat Ms. Wills.

## **Lachette Reliford**

17.

Ms. Reliford is an African American female. She was employed first as an Assistant Manager and then as a General Manager by InTown Suites. She was terminated in May of 2002.

18.

Ms. Reliford was terminated without warning allegedly for undisclosed dress code violations. This was a pretextual reason for termination.

19.

Upon information and belief, Plaintiff Reliford was replaced by a Caucasian woman.

## **COUNT ONE**

**RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**

20.

Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs of their Complaint as if fully set forth herein.

21.

Defendants' adverse employment decisions regarding plaintiffs based on their race were in violation of 42 U.S.C. § 1981.

22.

Plaintiffs are entitled to the relief set forth in the prayer for relief below.

**Prayer for Relief**

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

a. That plaintiffs be awarded a declaratory judgment that defendants have violated 42 U.S.C. § 1981;

b. That plaintiffs have and recover from defendants back pay and benefits, with prejudgment interest thereon;

c. That the Court order defendants to rehire plaintiffs, with appropriate salary and fringe benefits that they would have received in those positions since the dates of their terminations, as applicable; or, in the alternative, award front pay and benefits in an amount sufficient to compensate them for the losses of future salary and fringe benefits;

d. That this Court issue a permanent injunction against defendants, prohibiting defendants from further discriminating against non-Caucasian employees;

e. That plaintiffs have and recover compensatory damages in an amount to be determined by a jury;

f.  That plaintiffs have and recover punitive damages pursuant to 42 U.S.C. § 1981 and all other applicable federal laws;

g.  That plaintiffs have and recover their attorney's fees and costs of litigation pursuant to 42 U.S.C. § 1988 and all other applicable federal laws;

h.  Any and other such further relief that this Court or the Finder of Fact deems equitable and just.

**Plaintiffs demand a trial by jury.**

Respectfully submitted,

By: s/ Edward D. Buckley
Edward D. Buckley
Georgia Bar No. 092750

BUCKLEY AND KLEIN, LLP
1180 West Peachtree Street, Suite 1100
Atlanta, Georgia 30309
Telephone: (404) 781-1100
Facsimile: (404) 781-1101
Email:  edbuckley@buckleyklein.com
dmklein@buckleyklein.com
charlesrbliss@buckleyklein.com
adoneff@buckleyklein.com

By:  s/ Douglas R. Kertscher
Douglas R. Kertscher
Georgia State Bar No. 416265
Steven G. Hill
Georgia State Bar No. 354658

10

HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone: 770-953-0995
Facsimile: 770-953-1358
Email: drk@hkw-law.com
Attorneys for Plaintiffs

11