IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANEEN WILLS and LACHETTE RELIFORD, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 1:06-CV-0800-TWT |
| INTOWN SUITES MANAGEMENT, INC., et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANT CHERYL VICKERS
TO COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

Defendant Cheryl Vickers ("Defendant" or "Vickers") hereby responds to the Complaint for Equitable Relief and Damages of Plaintiffs Janeen Wills and Lachette Reliford ("Plaintiffs") as follows:

1.

Denied.

2.

Defendant Vickers admits that InTown Suites purchased Suburban Lodges in May of 2002. Any remaining allegations in paragraph two (2) are denied.

3.

Denied.

## THE PARTIES

4.

Defendant admits that InTown Suites Management, Inc. is a corporation organized under the laws of the State of Georgia with an office located at 300 Galleria Parkway, Suite 1200, Atlanta, Georgia 30339. Defendant Vickers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph three (3) of the Complaint.

5.

Defendant Vickers admits that she can be served at 2562 Birchwood Drive, Atlanta, GA 30305. Defendant Vickers denies all remaining allegations in paragraph five (5) of the Complaint.

6.

Defendant Vickers denies that she instructed and conspired with anyone to discriminate against Plaintiffs or any other individual. Defendant Vickers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph six (6) of the Complaint.

7.

Defendant Vickers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph seven (7) of the Complaint.

## JURISDICTION

8.

Defendant admits that 28 U.S.C. § 1331 and 28 U.S.C. § 1343 confer original jurisdiction upon federal district courts for Title VII, 42 U.S.C. § 1981 and 42 U.S.C. § 1985(3) claims. Any remaining allegations of paragraph eight (8) are denied.

## FACTS

9.

Denied.

10.

Denied.

11.

Defendant Vickers admits that InTown Suites purchased Suburban Lodges in May of 2002. Any remaining allegations in paragraph eleven (11) are denied.

12.

Denied.

13.

Defendant Vickers has never met Plaintiff Janeen Wills, thus she is without knowledge or information sufficient to form a belief as to her race or gender.

14.

Defendant Vickers denies that she tried to force Plaintiff Wills to leave her job. Defendant Vickers is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph fourteen (14) of the Complaint.

15.

Defendant Vickers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph fifteen (15) of the Complaint.

16.

Defendant Vickers denies that she instructed anyone to mistreat Ms. Wills. Defendant Vickers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph sixteen (16) of the Complaint.

17.

Defendant Vickers has never met Plaintiff Lachette Reliford, thus she is without knowledge or information sufficient to form a belief as to her race or gender. Defendant Vickers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph seventeen (17) of the Complaint.

18.

Defendant Vickers did not direct, authorize or participate in Plaintiff Reliford's termination. Thus, Defendant Vickers is without knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph sixteen (18) of the Complaint.

19.

Defendant Vickers is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nineteen (19) of the Complaint.

COUNT ONE
RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

20.

Defendant Vickers repeats her answers to paragraphs 1-19 of Plaintiffs' Complaint.

21.

Denied.

22.

Denied.

## DEFENSES

Defendant Vickers hereby states the following defenses to the Complaint, but does not assume the burden of proof on any such defenses except as required by applicable law.  Defendant Vickers further reserves the right to assert other defenses and/or to supplement this Answer as permitted by law.

134499

5

## GENERAL DENIAL

All allegations not specifically denied above are hereby denied.

## FIRST DEFENSE

The Complaint fails to state a claim against Defendant Vickers upon which relief can be granted.

## SECOND DEFENSE

All claims of disparate treatment and/or discrimination are barred on the ground that Plaintiffs were not treated less favorably than any similarly situated individual outside the protected category.

## THIRD DEFENSE

Plaintiffs' claims are barred because Defendant Vickers' actions were based on legitimate non-discriminatory and non-retaliatory business reasons.

## FOURTH DEFENSE

The Complaint is barred in whole or in part because Defendant Vickers' actions were not malicious, egregious, in bad faith or in willful or reckless indifference or disregard of any legal rights of Plaintiffs.

## FIFTH DEFENSE

The Complaint is barred in whole or in part because discrimination is prohibited by InTown's policies and was not committed, countenanced, ratified or approved by Defendant Vickers.

## SIXTH DEFENSE

The Complaint is barred in whole or in part because discrimination is prohibited by InTown's policies, was not committed and was not within the actual or constructive knowledge of Defendant Vickers.

## SEVENTH DEFENSE

The Complaint is barred in whole or in part because Defendant Vickers exercised reasonable care to prevent discrimination.

## EIGHTH DEFENSE

The Complaint is barred in whole or in part because Defendant Vickers did not participate in, authorize, or ratify any alleged wrongful acts.

## NINTH DEFENSE

The Complaint is barred in whole or in part by acts, omissions, or events caused not by Defendant Vickers, but by Plaintiffs and/or third parties.

## TENTH DEFENSE

The Complaint is barred in whole or in part because any relevant decisions made by Defendant Vickers were justified and reasonable based on business necessity.

## ELEVENTH DEFENSE

Plaintiffs are not entitled to punitive damages because all actions taken by Defendant Vickers were in good faith and without malice or reckless indifference or disregard for any rights of Plaintiffs.

## TWELFTH DEFENSE

Plaintiffs' claims for damages are limited in whole or in part by statute.

## THIRTEENTH DEFENSE

Plaintiffs failed to mitigate their alleged damages.

## FOURTEENTH DEFENSE

Plaintiffs are not entitled to attorneys' fees, costs or expenses.

## FIFTEENTH DEFENSE

The Complaint is barred in whole or in part by the doctrines of waiver, estoppel, laches and/or release.

## SIXTEENTH DEFENSE

Plaintiffs' claims may be barred in whole or in part by the applicable statute of limitations.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays:

1)  that Plaintiffs' claims be dismissed and all costs be cast on Plaintiffs; and

2)  that Defendant have such other and further relief that the court deems proper.

This 26th day of April, 2006.

                                      Respectfully submitted,

                                      /s/          Von A. DuBose
                                      H. Lamar Mixson
                                      mixson@bmelaw.com
                                      GA Bar No. 514012
                                      Von A. DuBose
                                      dubose@bmelaw.com
                                      GA Bar No. 231451

                                      BONDURANT MIXSON &
                                      ELMORE, LLP
                                      3900 One Atlantic Center
                                      1201 West Peachtree St., NW
                                      Atlanta, GA 30309
                                      (404) 881-4100

## CERTIFICATE OF SERVICE

This is to certify that on this day, I electronically filed this ANSWER OF DEFENDANT CHERYL VICKERS TO COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Edward D. Buckley
Buckley and Klein, LLP
1180 West Peachtree Street, Suite 1100
Atlanta, GA  30309

Douglas R. Kertscher
Hill, Kertscher & Wharton, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, GA  30339

John F. Meyers
William P. Miles, Jr.
Alex S. Drummond
SEYFARTH SHAW LLP
1545 Peachtree Street, Suite 700
Atlanta, GA  30309-2401

This 26th day of April, 2006.

/s/     Von A. DuBose
Von A. DuBose
Georgia Bar No. 231451